GEORGE P. JONES, Appellant, *v.* S. T. PALAY TEXTILE CORP., Respondent, et al., Defendants.

First Department, January 29, 1952.

*David A. Barnhard* of counsel (*Edward D. Alexander,* attorney), for appellant.

*John E. Asch* for respondent.

*Per Curiam.* Over the objection of counsel for the plaintiff, the court stenographer was directed by the Trial Judge to go into the jury room and read a portion of the court's charge. This was error entitling plaintiff to a new trial.

The case is unlike *Gundersen* v. *All America Commerce Corp.* (275 App. Div. 572), where the only reply which was necessary to a communication from the jury was a simple " Yes ". There we held no prejudicial reversible error was committed, although we took pains to point out that the proper practice, which was wise and salutary, was to have all further instructions given by the Justice presiding in open court with counsel for both sides present, unless counsel on both sides consent to written instructions or to the reading of the record or parts thereof by the stenographer in the jury room.

What was there said, in accordance with the general rule, applies to this case. A whole portion of the Judge's charge relating to respondent's responsibility was requested by the jury and directed to be read to them by the stenographer. Without further definition by the trial court, the stenographer was directed to read the part " dealing with that subject ". Although the record on appeal notes that the stenographer read the parts of the charge commencing with one sentence and ending with another sentence, the charge was not transcribed at the time so it could not be said, except by the stenographer's later report, just what was read. There is no suggestion that the stenographer did not perform as directed, but the case illustrates the importance of having all instructions to the jury given in open court, where each party knows exactly what is being communicated to the jury and has an opportunity to note any objections, exceptions or further request, unless consent is given.

The order appealed from should be reversed, plaintiff's motion granted and a new trial ordered as to both defendants, with $20 costs and disbursements to the appellant to abide the event.

Peck, P. J., Dore, Cohn and Van Voorhis, JJ., concur.

Order unanimously reversed, the motion granted and a new trial ordered as to both defendants, with $20 costs and disbursements to the appellant to abide the event. Settle order on notice.