VERDOW CHEVROLET, INC., et al., Respondents, *v.* CLINTON E. DEAN, Doing Business as DEAN CHEVROLET Co., Appellant.

Fourth Department, July 8, 1954.

*John J. Moore* for respondents.

*Harry H. Servis* and *Arthur V. D. Chamberlain* for appellant.

PIPER, J.   Plaintiffs have recovered a judgment against the defendant after a jury trial in an action on contract and defendant appeals.   We do not review the facts here as we think the evidence presented a question of fact for the jury and that the verdict was not against the weight of evidence.   One question has been raised by defendant which we believe requires comment as we find no reported case in this State which is directly in point.

When the case was reached for trial defendant's counsel moved to adjourn it to the next term of court on the ground

that one of the named plaintiffs, Mrs. Verdow, was a member of the jury panel. Plaintiffs' counsel stated that "she has sat upon some of the juries * * * during the second week of this term"; he did not know how many and further said he would not call her as a witness and that she was only a nominal plaintiff. The court then denied the motion and advised defendant's counsel he could find out from his examination whether any of the jurors knew anything about the case, whether or not it had been discussed or "whether they knew Mrs. Verdow".

The jury was then selected, not in the presence of the court, after which defendant's counsel stated to the court that two persons originally drawn, but not on the completed jury had stated that Mrs. Verdow had said "she was interested in a case which was on this calendar and which might be reached this term". Counsel further said that one juror said that when she was drawn on another panel, Mrs. Verdow, who was on that panel, in answering a question as to whether or not she had been a party to a lawsuit had replied "she had one at this present term"; and that another juror said that as they were going downstairs to draw this jury Mrs. Verdow said: "Well, I won't be sitting with you on this case; it is mine." Counsel then moved for a mistrial and that the case go over the term.

The court then examined the last two jurors mentioned individually and the entire panel collectively and was satisfied that the defendant would not be prejudiced by any acquaintance any of the jurors had with Mrs. Verdow. Defendant's motion was then denied and defendant's counsel said: "I did not state for the record that I do not wish to assert any peremptory challenges, but I will not say 'satisfactory' in view of the motion which I have made." The record does not disclose that counsel challenged any jurors for cause, or that any juror who tried this case had ever sat with Mrs. Verdow.

"An objection to the qualifications of a juror is available only upon a challenge. A challenge of a juror, or a challenge to the panel or array of jurors, must be tried and determined by the court only." (Civ. Prac. Act, § 450.) Its predecessor, section 1180 of the Code of Civil Procedure was discussed in *O'Rourke* v. *Yonkers R. R. Co.* (32 App. Div. 8, 9), where the court said: "Section 1180 of the Code is explicit, that an objection to the qualifications of a jury is available only upon a challenge." "By failing to challenge a juror the appellant not only waived any objection to his competency, but also any objection to the rulings of the court on his examination."

We think the two motions made by defendant's counsel were insufficient to comply with section 450 of the Civil Practice Act. The other question presented is whether or not in this record it appears that the defendant was in any way prejudiced by the fact that Mrs. Verdow had, for a limited time, been a member of the panel from which this jury was drawn. If we should find that he was, we could grant relief on the appeal from the order denying defendant's motion for a new trial. (*O'Rourke v. Yonkers R. R. Co., supra.*)

The general rule in other jurisdictions, where the question has been raised seems to be that unless the appellant shows that he has been prejudiced by reason of the fact that a party to the action has been a member of the jury panel, a judgment will not be reversed on that ground. (*Missouri Pacific R. R. Co.* v. *Wait,* 186 Ark. 86; *Shockley* v. *State,* 199 Ark. 159; *Watson* v. *City of Bozeman,* 117 Mont. 5; *Zinn* v. *Updegraff,* 113 Kan. 25; *Crowder* v. *Williams,* 116 Kan. 241; but see contra *State by Youngquist* v. *Wheeler,* 179 Minn. 557.)

Appellant cites *Garrett* v. *Patton* (81 W. Va. 771, 778) but there the statute prohibited a litigant to serve as a juror " at any term of a court during which he has any matter of fact to be tried by a jury ". In that case the point was not properly raised and the court refused to set aside the verdict.

The New York State Legislature has never acted to disqualify a juror on the ground set forth in the West Virginia statute. On this record we find nothing to indicate that the defendant was prejudiced by reason of the fact that Mrs. Verdow had served on the same jury panel. No jurors were challenged by defendant's counsel. We think there is no showing that the trial court abused its discretion in denying defendant's motions.

The judgment should be affirmed.

All concur. Present — McCurn, P. J., Vaughan, Piper, Wheeler and Van Duser, JJ.

Judgment and order affirmed, with costs. [See *post,* p. 860.]