■ J. W. MAYS, INC., Appellant, v. GLEN OAKS SHOPPING CENTER, INC., Respondent.— In an action to recover damages for injury to property alleged to have been caused by negligence in the installation and maintenance of water pipes in a building owned by respondent and occupied by appellant as a tenant, the appeal is from a judgment in favor of respondent, entered after a trial, on the verdict of a jury. Judgment reversed and a new trial granted, with costs to appellant to abide the event. The court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. Appellant was unduly restricted in the examination of its witness Bellows, as to conditions which he found to exist on an inspection of the premises which he made after the accident. (See *Mironchik* v. *Sagadahoc S. S. Corp.,* 255 N. Y. 81; *Hruska* v. *Stewart & Co.,* 272 App. Div. 910; *Village of Hastings-On-Hudson* v. *Consolidated Edison Co.,* 3 A D 2d 838.) It was also error to permit the jurors, without appellant's consent, to take into the jury room a transcript of a portion of the testimony of a witness, which respondent's counsel had had typed during the course of the trial and which had not been marked in evidence. (Cf. *Long* v. *Payne,* 198 App. Div. 667; *Jones* v. *Palay Textile Corp.,* 279 App. Div. 337; *Otto* v. *Young,* 43 Misc. 628; *Neil* v. *Abel,* 24 Wend. 185; *Matter of Roberts,* 246 App. Div. 87.) Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ., concur.

■ JOHN A. MEYER, Respondent, v. JAMES WOOLF, Appellant.— In an action to recover damages for personal injuries received as a consequence of negligence, now conceded, the appeal is from the judgment entered on a jury verdict for $20,000. Judgment reversed and new trial granted, with costs to abide the event, unless respondent stipulate, within 10 days after the entry of the order hereon, to reduce the verdict to $12,750, in which event the judgment, as so reduced, is unanimously affirmed, without costs. In our opinion, the verdict was excessive in view of respondent's failure to prove his medical and hospital bills, and to establish any causal connection between the accident of October 10, 1948 and injuries sustained subsequent to April, 1949. If a new trial be required, the expert medical witness should not be permitted to testify as to respondent's condition without examination of his hospital record and X rays or to testify that respondent had sustained, *inter alia,* a traumatic arthritic condition, not mentioned in the complaint or bill of particulars, which might require future operative treatment and expense. Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ., concur.

■ MONITOR COMPANY, Appellant-Respondent, v. PERETS RESNICK, Respondent-Appellant.— In an action on agreements of guarantee of indebtednesses, the appeals are from an order denying the motion of each party for summary judgment. Order affirmed, without costs. No opinion. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.