■ CHARLES SIERRA, an Infant, by LUISA SIERRA, His Guardian ad Litem, et al., Appellants, v. TIMES APPLIANCES COMPANY, INC., et al., Respondents.— Judgment unanimously reversed on the law and on the facts and a new trial ordered, with costs to abide the event. The original erroneous charge of the court that the jury might attribute negligence of the mother or grandfather to the infant plaintiff, although corrected after the jury had been deliberating, may have overcast the jury's consideration of damage adversely to the infant plaintiff in making an award of $5,000 to the infant; and this, together with the apparently inconsistent verdict for the defendants in the mother's action for medical treatment of the infant, leads us to order a new trial as a matter of discretion and in the interests of justice. Infant plaintiff, then six years old, was injured when he was struck on a street by an automobile. He had

been accompanied by his grandfather. Defendants on appeal do not question the jury's verdict against them in the infant's case. They do not suggest on appeal any justification on the merits for the jury's not finding a verdict for the mother for medical and hospital care of the infant if it be conceded the infant himself ought to recover. The bills for medical treatment are not in dispute; nor is it demonstrated how the mother could possibly be negligent in allowing the child to go on the street accompanied by his grandfather. It is suggested, rather, that the action for medical expenses ought to have been maintained by the boy's father; but the mother as guardian brought the action, served a bill of particulars and her action was submitted to the jury without objection from defendants. Her right to maintain the action has thus become the law of the case; and the verdict against the mother has not otherwise been justified on appeal and must be treated as inconsistent with the verdict for the infant. On plaintiff's argument that the verdict of $5,000 is inadequate, we would consider this amount to lie within a permissible range of evaluation in view of the disputed areas of medical proof; and we would not interfere with it if the other factors were not in the case. Concur — Botein, P. J., Breitel, Rabin, Valente and Bergan, JJ.