Thomas A. Aurelio, J.
This is a motion by plaintiff brought
under section 552 of the Civil Practice Act to set aside the unanimous verdict of the jury upon the grounds (1) that it was improper for the court reporter to go to the juryroom and read the court’s answer to the jury’s request for further instruction allegedly without first obtaining the “express consent” of plaintiff’s attorney; and (2) the impropriety of the court reporter then dictating the court’s answer, aloud in the presence of all the jury, to a member of the jury who took it down in shorthand, at the request of the foreman.
The action was brought for infringement of a common-law copyright, the plaintiff claiming that defendants Tiomkin and Washington appropriated, knowingly and intentionally, the melody of a musical work composed by plaintiff entitled “ Enchanted Cello ” and embodying same in a musical composition entitled ‘ ‘ The High and the Mighty ’ ’, which was made the theme song of a motion picture bearing the same name, produced by Wayne Fellows Productions, Inc., while defendant M. Witmark & Sons, music publishers, published the song.
■ The jury had been deliberating since shortly before 11:00 a.m. that day and at 2:40 p.m., the foreman sent a written message to the court requesting further instructions concerning a certain facet of the law applicable to the case. After a discussion of the jury’s request with counsel for all parties, the court dictated to the court reporter its answer to the jury’s question and *173 then the court stated: “It is also customary.to have the court reporter to go in the juryroom and read it to the jury. Is that satisfactory V’
Admittedly, all consented and the court reporter went to the juryroom and read the answer to the jury. Plaintiff makes no complaint about this.
At 3:10 p.m., the jury requested to hear once more recordings of the two musical compositions involved. The jury’s request was granted and they were returned to the courtroom where the two recordings were played and then again retired to deliberate.
At 5:20 p.m., the jury sent another written message to the court requesting additional instructions. In ansAvering the question, the court followed the same procedure as on the first occasion. The record shows the following:
“ The Court: * * *.
“ May I have a stipulation that the reporter may go to the juryroom and read it?
“ Mr. Dreyer: So stipulated. (The reporter went to the jury-room and read the answer to the question.) ”
While the record does not indicate the express consent of each of the other attorneys, including plaintiff’s attorney, all of whom were present and actively participating in a heated discussion preceding the court’s dictation of the answer to the court reporter, it is apparent that both plaintiff’s counsel and trial assistant, both of whom Avere present, made no objection to folloAving the same procedure as on the first occasion and thus tacitly consented thereto.
MoreoAmr, when the jury reported its verdict and plaintiff’s counsel moved to set it aside, he did not then urge as a ground his failure to give his consent.
The procedure folloAved in this case on consent of counsel has been upheld time and again by our appellate courts (see Gunderson v. All America Commerce Gorp., 275 App. Div. 572; Jones v. Palay Textile Corp., 279 App. Div. 337). This procedure does not constitute a ground for setting aside a jury’s verdict.
Plaintiff’s second ground, the alleged impropriety of the court reporter dictating the answer to a member of the jury is also without merit. Assuming, arguendo, that the affidaffits of the íavo jurors as to one of its members taking the answer down in shorthand and thereafter reading it to the jurors are admissible and should be considered by the court, the fact remains that the íavo affidavits, as well as the affidavit of the court reporter, indicate no impropriety occurred and that the reporter read to all of the 12 jurors “ slowly and in a loud voice ’’.
*174 It does not appear that plaintiff’s rights were or could have been prejudiced in any manner. I perceive no injustice to plaintiff.
The motion is denied in all respects.