■ JOHN H. KLEINERT, Respondent-Appellant, v. WEBB & KNAPP, INC., et al., Appellants. ISIDORE ROSEN & SONS, INC., Respondent, et al., Defendant. WEBB & KNAPP CONSTRUCTION CORP., Third-Party Plaintiff-Appellant, v. ARMOR ELEVATOR CO., INC., Third-Party Defendant-Respondent.— Judgment and decision after trial in personal injury negligence action unanimously modified, on the law and the facts, to reverse the dismissal of the complaint against defendant Isidore Rosen & Sons, Inc., and to grant judgment in favor of plaintiff against such defendant, with costs to plaintiff, and the judgment is otherwise unanimously affirmed, with costs to third-party defendant-respondent Armor Elevator Co., Inc., against third-party plaintiff-appellant Webb & Knapp Construction Corp. and, with costs to plaintiff against defendants-appellants Webb & Knapp, Inc., and Webb & Knapp Construction Corp. The credible evidence establishes that the proximate cause of the accident was mortar dropped into the shaftway by defendant Rosen. This is shown by the records kept of the work done by the various trades on the day of the accident. The testimony of the witness Beck with respect to planking at the top of the shaftway related only to planking used to supply a support for the elevator men and was not shown to be the kind of tight cover designed to protect the workers below. On the whole record it is eminently clear that the only probable source of the mortar was from the work of the brick mason, Rosen. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

■ NAT FISHER, Plaintiff, and JOSEPH LEVINE, Respondent, v. MORRIS LOBER, Appellant.— Judgment unanimously reversed, on the law and on the facts, and a new trial granted, with costs to appellant to abide the event. A jury returned a verdict in favor of plaintiff in the sum of $3,775.50 upon a cause of action for breach of an alleged oral contract to employ plaintiff as a salesman for the term of one year. Contending there had been a wrongful discharge, plaintiff sought as damages the amount of commissions he would have received from sales to customers during the unexpired period of the contract at the rate of 75¢ on each lawn mower sold within a certain territory. In that state of the record, the plaintiff's failure adequately to establish the quantum of damages and the procedure followed when the jury sought further guidance from the court require the granting of a new trial. There was no proof offered by plaintiff as to the number of lawn mowers sold by defendant during the period for which commissions were sought. The expedient adopted by plaintiff's attorney of dividing the total gross sales for that period by $48, the average price of lawn mowers sold, to ascertain the number sold — on each of which plaintiff claimed a 75¢ commission — was improper and an inadequate method to prove the damages. Moreover, as secondary evidence, the attorney's unsworn estimate lacked a proper foundation for its introduction. Finally, it appears that in response to the jury's request for information, the Judge, with the consent of counsel, dictated answers which were transmitted by the clerk to the jurors in the jury room. We disapproved such a practice in Employers Mut. Ins. v. Di Cesare & Monaco (9 A D 2d 379, 385). We reiterate our criticism here. Proper procedure requires that information and instructions to a jury should be given in open court in the presence of counsel. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.