■   CLARENCE D. PAYNE et al., Doing Business as PAYNE CONSTRUCTION COMPANY, et al., Respondents, v. BETH T. EVANS, as Administratrix of the Estate of JULIA EVANS, Deceased, Appellant.— Judgment and order unanimously reversed, without costs, and motion denied.   Memorandum: The defendant-appellant died August 13, 1967 and Beth T. Evans was appointed administratrix of her estate December 12, 1967.   Thereafter the administratrix was duly substituted as a party in the place and stead of the deceased.   It was conceded upon the argument of the appeal, and the concession is supported by an examination of the transcript in the appendix, that the examination of the defendant before trial does not establish the respondent's position factually. Further it appears that the transcript of the examination before trial which the Special Term Justice states he gave consideration to in his order for summary judgment was not included in the motion papers submitted to the Justice on the argument of the motion.   Excluding the examination before trial from consideration and on all the papers properly before the court, no adequate showing was made to warrant the order for summary judgment.   (Appeal from judgment and order of Oneida Special Term granting in part plaintiffs' motion for summary judgment.)   Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.

■   WILLIAM K. JOHNSON et al., Appellants, v. EMMA CZUMAJ, Respondent. — Judgment unanimously affirmed, without costs.   Memorandum: In affirming, we disapprove the court's action in answering the jury's written question without its being presented in open court, but in this case we do not find that doing so was prejudicial.   (See *Employers Mut. Liab. Ins. Co.* v. *Di Cesare & Monaco Concrete Constr. Corp.,* 9 A D 2d 379, 385; *Fisher* v. *Lober,* 11 A D 2d 645; *Gundersen* v. *All America Commerce Corp.,* 275 App. Div. 572; 8 Carmody-Wait 2d, New York Practice, §§ 57:22, 58.3; 1 N Y P J I 6).   (Appeal from judgment of Erie Trial Term, dismissing complaint in automobile negligence action.)   Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.