■ MONROE COMMUNITY COLLEGE, Respondent, v. JOHN M. HUGHES et al., Appellants.— Appeal unanimously dismissed as academic, without costs. Memo-

randum: The record before us discloses that on April 29, 1970, Supreme Court, Monroe County, granted an order in this action requiring appellants to show cause on May 4 why a temporary injunction should not be granted restraining defendants from performing certain described acts. The order contained a further " shotgun " provision directing " all persons " (but not limited to defendants) to " immediately cease and desist " from occupying certain buildings owned by plaintiff. The record does not reveal what disposition, if any, was made by the court upon the return on May 4 of this show cause order. By notice dated May 5 certain attorneys, who did not describe themselves therein as representing any defendants herein, moved on the same date (May 5) in Supreme Court to vacate the so-called temporary restraint. The notice, so far as the record discloses, was not supported by any affidavits or other papers. By order dated May 7 the motion was denied. It may be surmised from certain peripheral statements contained in the decision of Special Term, also dated May 7, that in the interim there had been some further activity at the college grounds, which the court summarized as follows: " This is a motion in a proceeding in which the plaintiff claims that eighteen persons, instructors and students at its institution, committed criminal contempts by the wilful disobedience of a lawful mandate of this court ". This bare statement finds no factual support in the record. In other words, the appeal comes to us in a posture where there is no proof that anyone has violated any provisions of the order of April 29, 1970, or has been harmed or aggrieved thereby. In sum, the appeal fails to present the legal question as to whether the temporary restraint was lawfully granted. The record is barren of any facts to show that such restraint has prevented any person from doing anything or that any person has done anything in violation thereof. It is a fundamental legal principle that no court decides academic questions or hands down formal legal advisory opinions. It well may be that at some future time and upon a record containing facts showing that appellants were aggrieved by the order granting restraint, a justiciable issue will be presented. None is so presented herein. (Appeal from order of Monroe Special Term denying motion to vacate restraining order.) Present — Del Vecchio, J. P., Marsh, Moule, Bastow and Henry, JJ.