Bergan, J.
The Amsterdam YMCA on April 13, 1967 conducted an “ indoor sleep-in ” to which it invited young people to participate for a small fee. The participants took part in swimming, dancing and other activities; and slept in sleeping bags on the floor. The youth secretary and counselors told participants at what time to go to bed.
Plaintiff Deborah Willis, then 13 years old, was a participant. She lay down about one foot from the wall and one foot from the girl next to her. There was a built-in rack along the wall at this point. While defendant Peggy Day, a counselor, was taking a pillow from the shelf over the rack she pulled off the plastic arm of a chair which had been left under the pillow. This fell on plaintiff and injured her.
The main issue on appeal is, as the Appellate Division observed, whether plaintiff was entitled to the charge to the jury she requested that she was 1 ‘ free from contributory negligence ”.
Under the facts of this record the infant plaintiff was not required in the exercise of care to do anything other than that which she did do: lie down to sleep on the floor. It is the general *378 rule that contributory negligence should not be charged ‘‘ if there is no or insufficient evidence to support it ” (65A C. J. S., Negligence, § 293, p. 1032). Where plaintiff is in fact free from contributory negligence it is not error to refuse to instruct and submit to the jury on this subject (Bernard v. Bohanan, 203 Va. 372).
In dealing with the obligation of a passenger in a private airplane involved in an airport accident, Judge Gibson, writing for the Appellate Division in Gillman v. Liberty Airport Auth. (32 A D 2d 296, 300), observed: “For purposes of the retrial, it should be noted that it was error * * * to instruct the jury that it might find plaintiff guilty of contributory negligence ’ ’.
At almost the same time, the Second Department reached a similar conclusion excluding contributory negligence in the case of a passenger in a car (Meyer v. Brown-Harter Cadillac, 32 A D 2d 1045). Compare the exclusion of contributory negligence in cases of statutory liability (Koenig v. Patrick Constr. Corp., 298 N. Y. 313).
The Judges of this court are unanimous in the view that infant plaintiff was not negligent and was entitled to the charge requested; but they are divided on the question of defendants’ negligence. On that a majority are of opinion negligence has been sufficiently established to go to the jury.
This was the law of the case as it was decided at Trial Term where the Judge had denied defendants’ motions to dismiss at the end of plaintiffs’ case and did not grant them at the end of the whole case or later. Thus the holding of the Supreme Court at the time of judgment was that a case had been made out prima facie against both defendants, although judgment in their favor followed a verdict which could have been based, consistently with the Judge’s charge, alternatively on a finding of no negligence of defendants in fact; or of negligence of infant plaintiff in fact.
The Appellate Division, affirming the judgment entered on the verdict, did not disapprove the ruling of the Trial Term that a case had been made out prima facie against both defendants and its general affirmance sustained that decision. Its comment that the jury “ could have found ” the plaintiffs failed to establish defendants’ negligence is consistent with the Trial Judge’s ruling that a case had been made out for the jury.
*379 Thus, on the legal sufficiency of the proof of negligence both the Appellate Division and the Trial Term were of opinion a case had been made out against defendants sufficient to go to the jury. The main legal issue argued in the Appellate Division, on which that court divided, was contributory negligence. In this court defendant YMCA argues that a case of negligence prima facie was not made out against it; but defendant Day does not make that argument.
In inviting, for a fee, young children to sleep on the floor of its premises, the YMCA owed a duty commensurate with the special responsibility it had assumed to its charges to inspect and guard against danger of injury. Since pillows would be used, and apparently were stored on the ledge from which they could be pulled down, it seems not unreasonable to expect that care would be taken that loose objects heavy enough to inflict injury would not be left there.
It has been noted that although persons having children entrusted to their care are “ not the absolute insurers ” of their safety, they are “ charged with the highest degree of care ” (Oldham v. Hoover, 140 So. 2d 417, 421 [C. A., La., 1962]). The general rule is that as to children such an undertaking requires “ more vigilance ” than would be required for adults (65 C. J. S., Negligence, § 12, subd. b, p. 588).
As to the foreseeability of this accident it is not substantially different in application of the requirement for due care from the heavy pole of a flag fastened along a wall for a Seout-ORama, loosened when brushed against by a news photographer and shortly after falling to injure plaintiff (Biker v. Boy Scouts of Amer., Saratoga County Council, 8 A D 2d 565).
The need for care may be such as to bring remote consequences within the frame of responsibility, as in the case of the child who slipped in a bathtub and was scalded by hot water while climbing on the edge and reaching for a cord, liability being charged to failure to correct defects in the flow and retention of hot water (Rivera v. City of New York, 10 A D 2d 72, judgment for plaintiff affd. after retrial, 13 A D 2d 941, and revd. on another ground, 11 N Y 2d 856; see, also, generally on the subject, Zalak v. Carroll, 15 N Y 2d 753, and Antinucci v. Heilman, 5 A D 2d 634, opn. by Gibson, J.).
*380 The precise occurrence of the particular accident is not controlling on the question whether there is negligence ‘ ‘ and a person, in order to be negligent, need not have been able to anticipate the particular consequences of his act or omission ” (65 C. J. S., Negligence, § 5, subd. [7], p. 528).
The order should be reversed and a new trial directed, with costs to abide the event.