ANNELIESE LINKE et al., Appellants, *v.* JOHN B. SAVAGE, Respondent.

Fourth Department, July 6, 1972.

*Philip D. O'Donnell* for appellants.

*Dominic J. Zito* for respondent.

WITMER, J. Plaintiffs appeal from a judgment dismissing their complaint for damages in a negligence action, upon a jury verdict of no cause of action. Plaintiffs contend that reversible errors were made by the court in the course of the trial and that the verdict was against the weight of the evidence. We find no reversible error of law except with respect to the denial of the motion to set aside the verdict. We shall, however, advert to two other alleged errors.

Instead of returning the jury to the courtroom, with an opportunity for counsel to be present, to announce the ruling that a certain exhibit received in evidence during the trial would not be handed to them in response to their request for it, the court entered the jury room with his court reporter, without counsel present, and advised the jury of his ruling. That was incorrect procedure (1 NY PJI 6); but in this case we find no prejudice to plaintiffs by reason thereof. In addition, plaintiffs belatedly sought to amend their bill of particulars to conform to the proof with respect to an aspect of the wife's injuries and damages. Although the court was in error in denying the motion, no prejudice resulted, because the jury did not reach the question of damages.

The verdict requires a review of the facts adduced upon the trial. Plaintiff wife, a passenger in her own automobile being operated by her husband, also a plaintiff, was injured in a

head-on collision with defendant's vehicle on Gray-Wilmurt Road in the Town of Ohio, Herkimer County, at about 2:30 p.m. on December 28, 1969. The accident occurred in front of the Wilt home which was situated on the west side of Gray-Wilmurt Road, a two-lane highway about 20 to 25 feet wide which ran generally north and south. North of the Wilt home the road curved to the left and was downhill to a creek and bridge. South of the Wilt home the road was upgrade and curved to the right. There was a ditch along the east side of the road across from the Wilt home, and it was only about two feet from the east edge of the pavement.

Defendant, who lived five or six miles from this location, testified that he was driving his automobile southerly on Gray-Wilmurt Road and as he approached the curve to his right, going uphill at about 20 to 25 m.p.h., a snow drift "stuck out four, maybe five feet" from the west side of the road into his lane; the wind was blowing snow across the road; and he "turned to the left to go around this drift" and "didn't see Mr. Linke's (plaintiff's) vehicle until I (defendant) was alongside the drift."

Plaintiff husband, who lived a mile or so south of this location, testified that he was driving 25 to 35 m.p.h. northerly on this road and on approaching the curve to his left he slowed to 15 to 20 m.p.h. He was in his lane of traffic, near the right edge of the road, when defendant came "out of nowhere" at "a very high speed" and struck the plaintiff vehicle head-on. Although defendant said that his vehicle was four and one-half feet wide, was in the east (northbound) lane only about a foot, and that the left fenders of the two vehicles collided, the weight of the credible evidence is to the contrary, that is, that he minimized the facts.

Both drivers told the investigating trooper at the scene that blowing snow had obstructed their views. The evidence is that plaintiffs' vehicle did not change its course; the trooper testified that plaintiffs' automobile was extensively damaged on the front end, which the photographs confirm; and he also testified that the right wheels of plaintiffs' vehicle were off the pavement on the east shoulder of the road, near the ditch, confirming plaintiffs' testimony in this respect.

Mr. and Mrs. Wilt testified that there was no snowdrift in front of their home; that the drift was north of them, halfway to the creek; and other evidence confirms this. Thus, if there was reason for defendant to cross the center line of the road to get around the drift, there was ample distance for

him to have returned to his own side before meeting plaintiffs. Defendant's negligence, therefore, is clear; and the only question presented is whether the jury could reasonably have found plaintiffs to have been contributorily negligent.

The only evidence which defendant asserts as supporting the jury's verdict in this respect is the defensive testimony of plaintiff husband on cross-examination, that he could see 400 or 500 feet ahead of him and that the visibility was good. From that, defendant argues that plaintiff could and should have seen defendant's plight and should have driven farther to his right to avoid the collision. This is in the nature of a contention that plaintiff had a last clear chance to avoid the accident. The case was not tried on that theory, however; and, of course, that doctrine is rarely applied or charged in an automobile collision case (*Kaskoff* v. *Anderson,* 13 N Y 2d 911; 1 NY PJI 143–145).

Plaintiff husband, of foreign birth, became a citizen of the United States in 1956, and he spoke somewhat broken English. Whatever explanation might be made for his above answer on cross-examination, it is borne out by no other evidence in the record. Plaintiffs were on a downhill curve to their left, and it makes no sense to say that plaintiff husband could and should have seen that there was a snowdrift protruding onto the west side of the road which would likely force an oncoming vehicle into his lane and hence that he should get over farther to his right side of the road, in view of defendant's testimony that the visibility was so bad that he could not even see an oncoming vehicle. Moreover, the credible evidence is that plaintiffs were at the east edge of the road at the time of the collision.

On such facts, the jury's apparent conclusion that plaintiffs were guilty of contributory negligence was against the weight of the credible evidence (see *Alphin* v. *Dudish,* 8 A D 2d 567; *Reynolds* v. *Richards,* 7 A D 2d 770; *Chase* v. *Wilkins,* 5 A D 2d 1037). In the interest of justice, therefore, the judgment should be reversed and a new trial granted, with costs to abide the event.

MARSH, J. P., MOULE, CARDAMONE and HENRY, JJ., concur.

Judgment unanimously reversed on the law and facts and a new trial granted, with costs to abide the event.