■ ROSEMARIE PARISI et al., Appellants, v. RALPH LOMBARDI, Respondent.— In a negligence action to recover damages for personal injuries and loss of services, etc., plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered July 27, 1972, in favor of defendant, upon a jury verdict, after a trial on the issue of liability only. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. Despite the absence of any evidence which could conceivably support a finding that plaintiffs were guilty of contributory negligence, and over objection by their counsel, the trial court charged that doctrine. In the light of the evidence, this was error (*Willis* v. *Young Men's Christian Assn. of Amsterdam*, 28 N Y 2d 375). It was also error to bar plaintiffs' expert from testifying to what his opinion was with respect to the cause of the fall of the duct here in issue. Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.

■ SHARYN PAUL et al., Appellants, v. MELVIN H. PAUL et al., Respondents.— In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from (1) a judgment of the Supreme Court, Queens County, entered November 11, 1971, in favor of defendants, upon a jury verdict on the issue of liability, after trial on that issue only, and (2) the trial court's decision denying plaintiffs' motion to set aside the verdict as against the weight of the evidence. Appeal from the trial court's denial of plaintiffs' motion to set aside the verdict dismissed, without costs. No appeal lies from a decision. Judgment reversed, on the facts, and new trial granted, with costs to abide the event. Plaintiffs Sharyn Paul and Jennie Paul were passengers in a vehicle driven by defendant Melvin H. Paul which was involved in an accident with a vehicle driven by defendant Melvin Tudor. These passenger plaintiffs testified that they had no idea how the accident occurred. Defendant Paul testified that he was traveling south along Lexington Avenue from 80th toward 79th Streets when he saw Tudor's vehicle for the first time as it cut in front of him from left to right. Although he tried to avoid hitting Tudor's vehicle, he was unable to do so and the right front of his car struck the left rear of Tudor's vehicle. Tudor testified that he also was proceeding on Lexington Avenue (southerly) and was stopped at the intersection of 79th Street and Lexington Avenue in the right lane waiting for the traffic light to turn green. When the light changed he began to make a right turn into 79th Street, at which time his car was hit in the left rear by defendant's Paul's vehicle. In the light of the above testimony, the jury should have found at least one of the defendants negligent depending on which version of the accident it believed. Certainly, the jury's verdict in favor of both defendants was contrary to the weight of the evidence. Furthermore, despite the absence of any evidence which could conceivably support a finding that the passenger plaintiffs were guilty of contributory negligence, the court improperly charged such doctrine (*Meyer* v. *Brown-Harter Cadillac*, 32 A D 2d 1045; cf. *Willis* v. *Young Men's Christian Assn. of Amsterdam*, 28 N Y 2d 375). However, because of the absence of an exception to that instruction, we are not reversing on that ground. Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.