■ SUSAN MICHALEK et al., by GAIL MICHALEK, Their Mother and Natural Guardian, et al., Appellants, v MICHAEL MARTYNA et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Infant plaintiffs brought actions against their sister, who was operating a car in which they were riding, and against the owner and driver of a second vehicle which collided with it. The children's father was riding in the front seat beside their sister and was supervising her driving since she only had a learner's permit. He sued his daughter and the owner-driver of the second car who, in turn, sued the learner-driver along with the father. The mother of the two infant children also sued both drivers in a derivative action. The jury returned one verdict in favor of the two infant plaintiffs against their sister and no cause of action in the father's case and that of the owner-driver of the second car. No mention was made of a verdict for or against the mother on her derivative cause of action. Consequently, the jury apparently found that the learner-driver was negligent and that the driver of the other vehicle was not. In a memorandum decision dated December 19, 1973 the trial court stated that it would allow infant plaintiffs to have a trial before a jury to apportion the lump sum award made to them. Since they already have this right, the question of whether they are entitled to a new trial on this issue is academic and is not properly before this court *(Monroe Community Coll. v Hughes,* 34 AD2d 890, 891). In the cause of action by the father against his daughter, the court properly charged that the father was required to use the care of a reasonably prudent man under the circumstances (see *Kalechman v Drew Auto Rental, Inc.,* 33 NY2d 397; *Gochee v Wagner,* 257 NY 344). Therefore, although the jury must have determined that in the cases of the two infant plaintiffs, his daughter, the driver, was negligent, it must have found that he also was negligent and that he, for that reason, could not recover. The verdicts of the jury were not inconsistent, since the evidence of alleged injury to the driver of the second vehicle, a necessary element of a negligence cause of action, was minimal, and the jury was free to disbelieve that the treatment he obtained was necessary *(Piwowarski v Cornwell,* 273 NY 226, 229; *Mante v Mante,* 34 AD2d 134, 138). Although no specific award was made in the mother's derivative action, it appears that the court's charge included her damages in the amount to be awarded to the mother as infant plaintiffs' natural guardian. Since no exception was taken to this charge, it became the law of the case and, therefore, is not subject to review *(Brown v DuFrey,* 1 NY2d 190, 195–196; *Sierra v Times Appliances Co.,* 7 AD2d 898–899). (Appeal from

judgment of Erie Trial Term, in automobile negligence action.) Present—Marsh, P. J., Moule, Simons, Del Vecchio and Witmer, JJ.