■ STANLEY LECH et al., Appellants, v DAN CONNY, Doing Business as CATARACT AMUSEMENT COMPANY, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: Following a fire which damaged their tavern, plaintiffs commenced this negligence action, alleging that the fire originated in a coin-operated bowling machine, installed in their tavern by the defendant, and that the fire was caused by defendant's careless maintenance of the machine. Plaintiffs appeal from the judgment entered upon a jury verdict of no cause of action. It is initially claimed that the jury verdict is contrary to the weight of the evidence. In considering this contention, we are guided by the rule that "A jury verdict in favor of the defendant should not be set aside unless it clearly appears that the evidence so preponderates in plaintiff's favor that the verdict for. defendant could not have been reached by any fair interpretation of the evidence [citations omitted]." *(Yerdon v Baldwinsville Academy & Cent. School Dist.,* 50 AD2d 714, 715.) Although plaintiffs' evidence that the fire began in the bowling machine is uncontroverted, they were also required to prove that defendant failed to exercise reasonable care in inspecting or repairing the machine, or that defendant failed to discover a defect which he reasonably should have discovered. In view of the absence of proof as to the standard of care which defendant should have met in maintaining the machine or as to defects which defendant should reasonably have perceived, and since defendant's serviceman testified that his repair of the machine three days before the fire remedied its overheating problem, we are unable to conclude that the jury verdict was not based upon a fair interpretation of the evidence. Plaintiffs next argue that the trial court erred in submitting the issue of contributory negligence to the jury in the absence of any evidence to support such a finding (see *Willis v Young Men's Christian Assn. of Amsterdam,* 28 NY2d 375, 377–378). Since no exception was taken, plaintiffs may not now assign error to the court's charge (see CPLR 4110-b; *Paul v Paul,* 41 AD2d 560; see, also, *Michalek v Martyna,* 48 AD2d 1005). Significantly, in each of the cases upon which plaintiffs rely, the error was properly preserved for review (see *Willis v Young Men's Christian Assn. of Amsterdam, supra,* p 377; *Hargraves v Agway Petroleum Corp.,* 48 AD2d 763; *Jerry v Borden Co.,* 45 AD2d 344; *Meyer v Brown-Harter Cadillac,* 32 AD2d 1045). Lastly, plaintiffs contend that the trial court erred in its charge by failing to apply the general rules of law to the facts in issue and that reversal is thus required in accord with the holding in *Zipay v Benson* (47 AD2d 233). Aside from the fact that this case does not involve a complex factual controversy with several parties, a reading of the court's charge here, including the instructions given at the request of the parties, does not warrant the conclusion that it was of "no assistance to the jury in resolving the issues presented" *(Zipay v Benson, supra,* p 235) or that it inadequately precluded a fair consideration by the jury (see *Arroyo v Judena Taxi,* 20 AD2d 888, 889). (Appeal from judgment of Niagara Supreme Court—negligence.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.