■ ALBERT CHANATRY, Respondent, v HODGES WILLIAMS, JR., Appellant. —Judgment and orders unanimously affirmed, with costs. Memorandum: Following a jury verdict which found that defendant and his insurer had engaged in settlement negotiations with plaintiff which lulled plaintiff into inactivity and induced him to rely on such negotiations until expiration of the Statute of Limitations, plaintiff successfully moved for an order directing entry of a judgment estopping defendant from asserting the defense of the Statute of Limitations in the underlying negligence suit. Defendant now appeals from this order and judgment as well as from an earlier order denying his application for a mistrial and his request to have the case "put over the term." Defendant based his application for a mistrial upon the allegation that during the *voir dire* plaintiff's counsel had improperly mentioned issues of liability and damages. However, no record was made of the *voir dire* either before or after defendant's motion and the nature and extent of the remarks of plaintiff's counsel are disputed. Inasmuch as there is nothing in the record indicating that defendant's case was prejudiced by the alleged statements (see *Verdow Chevrolet v Dean,* 284 App Div 517), we find no error in the denial of this motion. The subsequent verdict was based upon a written question which was approved by counsel, included in the court's charge and submitted to the jury without objection. Since defendant took no exception to its propriety at trial, his objection at this stage of the proceedings is untimely (see *Lech v Conny,* 55 AD2d 828; *Paul v Paul,* 41 AD2d 560). As far as defendant's contention that the jury was improperly retained beyond the time when it had indicated disagreement, absent an indication either of coercion or threat, we find no error *(People v Randall,* 9

NY2d 413, 425–426) nor were the court's supplementary instructions improper, since they clearly met the standards enunciated in *People v Graham* (48 AD2d 646, affd on mem below 39 NY2d 775). Finally, with respect to the entrance of the Judge into the jury deliberation room, such conduct is generally improper unless both parties consent *(Linke v Savage,* 39 AD2d 326, 327). Here, however, both parties agreed that the Judge do so, and, after he reported to them on what had transpired no exception was taken. (Appeal from judgment and orders of Oneida Supreme Court—Statute of Limitations.) Present—Marsh, P. J., Moule, Cardamone, Dillon and Goldman, JJ.