■ ROBERT BRIAN ASSOCIATES, INC., Respondent, v LOEWS THEATRES, INC., Appellant.—Judgment, Supreme Court, New York County, entered July 20, 1978, after a jury trial, awarding plaintiff $100,000 in damages ($90,000 on the first cause of action and $10,000 on the second cause of action) plus costs and interest, unanimously modified, on the law and the facts, to remand for a new trial on the question of damages recoverable on the first cause of action, and otherwise affirmed, without costs or disbursements. The testimony relevant to the first cause of action presented several proper jury questions which the verdict indicates were resolved in plaintiff's favor. We find it thus established: that plaintiff was retained by defendant to do sales promotion work for the latter's Lorillard cigarette division; that four sales promotion campaigns utilized by defendant after it had terminated the retainer emanated from programs developed by plaintiff during its retention; that an agreement between the parties gave plaintiff an exclusive right to supply finished artwork on its approved programs at usual industry rates plus an override of 25% on its outside purchases, with a further right to bid on all production work on any approved program. The jury may also have found: that defendant had a good faith right to reject any bid of plaintiff on production work; that, if plaintiff were an unsuccessful bidder on production work, it would receive 15% of defendant's payments to the ultimate producer. Having laid a foundation for its ultimate success on the first cause of action plaintiff failed to supply adequate proof of damages based upon its lost profits. It would seem that plaintiff's damage might have been best calculated on the basis of the actual expenses incurred by defendant in the four sales campaigns for artwork and production work, but no such evidence was submitted. The estimates of plaintiff's lost profits given by its damage witness were insufficient to form a basis for the jury's award, and, with a general verdict coupled to a nonspecific charge, we are unable to determine whether the award meant to reflect properly lost net profits or was an improper calculation of lost gross profits (see *McRoberts Protective Agency v Lansdell Protective Agency,* 61 AD2d 652, 655). A new trial on damages is required *(Fisher v Lober,* 11 AD2d 645). Concur—Birns, J. P., Bloom, Lupiano and Lynch, JJ.