(July 27, 1981)

■ JOANNE BLAHA, as Executrix of GEORGE W. BLAHA, Deceased, et al., Respondents, v JOHN H. LETTMODEN et al., Appellants. — In a negligence action to recover damages for personal injuries and wrongful death, defendants Lettmoden and Dovi appeal separately from a judgment of the Supreme Court, Westchester County (Cerrato, J.), entered September 19, 1980, in favor of

620

plaintiffs and against all defendants, upon a jury verdict. Judgment reversed, on the law and as a matter of discretion, and new trial granted as to all defendants, with costs to abide the event. This action arose out of an accident involving three automobiles, which occurred on July 24, 1977, at approximately 3:30 A.M. on Route 9A, Hawthorne, Westchester County, New York. Route 9A is a four-lane, north-south roadway, with a double yellow line in the middle and broken white lines separating the two lanes of traffic in each direction. The evidence at trial established that a vehicle, driven by defendant John H. Lettmoden and owned by defendant Martha A. Lettmoden, first collided with a vehicle, driven by defendant Gail M. Dovi and owned by defendant John C. Dovi. The Lettmoden vehicle was traveling in the northbound left lane and the Dovi vehicle was traveling in the southbound left lane. After the collision between the Lettmoden and Dovi vehicles, the Lettmoden vehicle then collided with a vehicle, driven by the deceased, George W. Blaha, which was traveling in the southbound right lane. The Trial Justice, as part of his charge to the jury, originally instructed the jury as to the possible applicability of certain sections of the Vehicle and Traffic Law as follows: "I charge you that Section 1120 of the Vehicle and Traffic Law provides, in pertinent part as follows: (A) Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway; (B) In addition, upon all roadways, a vehicle *[sic]*, any vehicle, proceeding at less than the normal speed of traffic at the time and place and under the conditions then existing shall be driven in the right-hand lane then available for traffic, or as close as practicable to the right-hand curb or edge of the roadway, except when overtaking and passing another vehicle proceeding in the same direction or when preparing for a left turn at an intersection or into a private road or driveway. (C) Upon any roadway having four or more lanes for moving traffic and providing for two way movement of traffic no vehicle shall be driven to the left of the double yellow center line of the roadway, that being the line separating two way traffic *** You the jury, are to consider whether or not the defendants violated any of the aforementioned traffic laws and regulations." Subsequently, during the course of jury deliberations, which started at 4:00 P.M. on the afternoon of August 27, 1980, the following occurred at 4:30 P.M. in the absence of counsel and the defendants: "THE COURT: Let the record show that we are in the jury room and that I have received a request from the jury which is marked Court's Exhibit #4 — we request all photographs and exhibits and charge of the Judge. Ladies and gentlemen, you have all of the exhibits and as for request #2 the Charge by the Judge — if there is anything you want there it can be read back to you by the Court reporter. JURY: Fine Judge. THE COURT: Now I have been just handed a separate piece of paper here, we will mark this as Court's Exhibit #5 — there is nothing on this paper except 'is Question #5 a question of Law or is it a request by the Plaintiff.' FOREMAN: Well we want to know — is there a statute that covers pain and suffering. THE COURT: Yes I instructed you that you must find what amount is to be awarded him for the pain and suffering. FOREMAN: Could it be zero to one hundred? THE COURT: It can be anything that you feel that the man is entitled to for the pain and suffering from the time he was found behind the wheel until the time that he died. FOREMAN: Just one more question. On the law, as far as driving on a two lane roadway, if a person is on the left side or in the left lane, is there any law charging that person for being on the left or in the left lane. THE COURT: I have given you in my charge what the law says in regard to that. You are supposed to keep on the right unless you are passing. Now there is no law that says that you can't be there be in that left lane except under the circumstances that I have given you. If you would like I will have that portion re-read to you. FOREMAN: No, we understand and thank you Judge. JUDGE LEAVES JURY ROOM".

The record does not disclose what prompted the Trial Justice's actions; or whether counsel for the parties knew or consented to the Trial Justice's actions. Defendants now contend that the mere presence of the Trial Justice in the jury room, for the purpose of communicating with the jury during its deliberations, without the presence or consent of the parties or their counsel, constitutes reversible error. Moreover, it is claimed that the specific additional instruction given by the Trial Justice, "[o]n the law, as far as driving on a two lane roadway, if a person is on the left side or in the left lane", was erroneous and prejudicial, thereby also requiring a new trial. We note that it was improper for the Trial Justice to enter the jury room, with the court reporter, in the absence of the parties or their counsel and without affording them an opportunity to be present or consent to such procedure (see *Linke v Savage,* 39 AD2d 326, 327). "The proper practice, and it is wise and salutary, is that further instructions requested by a jury after it has retired should be given by the justice presiding to the jury in open court when counsel for both sides are present or have been afforded the opportunity of being present, unless counsel on both sides consent to written instructions or to the requested reading of the record or parts thereof by the stenographer in the jury room." (Cf. *Gunderson v All Amer. Commerce Corp.,* 275 App Div 572, 573, mot for rearg den 275 App Div 1035.) While the Trial Justice's entrance into the jury room during its deliberations in the instant case does not necessarily require reversal (see *Linke v Savage, supra),* we find that his answer to the jury's question regarding the law on traveling in the left lane of a two-lane roadway was prejudicial thereby entitling all defendants to a new trial. The jury's question concerned one of the major issues at trial which it was called upon to determine and the Trial Justice's response was sparse and did not adequately answer the question posed by the jury. "[T]he case illustrates the importance of having all instructions to the jury given in open court, where each party knows exactly what is being communicated to the jury and has an opportunity to note any objections, exceptions or further request, unless consent is given." *(Jones v Palay Textile Corp.,* 279 App Div 337, 339; cf. *Watertown Bank & Loan Co. v Mix,* 51 NY 558.) We have considered defendants' other contentions and find them to be without merit. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.