■ JAMES BYRD, Respondent, v GENESEE HOSPITAL et al., Appellants.

On appeal, defendants argue that the failure of the court to charge as requested constitutes reversible error. We disagree. CPLR 5501 (a) (3) provides that an appeal from a final judgment brings up for review "any charge to the jury, or failure or refusal to charge as requested by the appellant, *to which he objected*" (emphasis supplied). Similarly, CPLR 4110-b provides: "[n]o party may assign as error the giving or the failure to give an instruction *unless he objects thereto* before the jury retires to consider its verdict stating the matter to which he objects and the grounds of his objection" (emphasis supplied). Having failed to object to the omission of the requested charge from the court's instructions to the jury, the issue has not been preserved for our review (*Lech v Conny,* 55 AD2d 828). "The requirement of a timely exception is not merely a technicality. Its function 'is to give the court and the opposing party the opportunity to correct an error in the conduct of the trial' (*Delaney v Philhern Realty Holding Corp.,* 280 NY 461, 467 * * *)" (*Barry v Manglass,* 55 NY2d 803, 805-806).

The jury found that plaintiff was falsely arrested and suffered a broken ankle in the process. The record indicates that plaintiff suffers from permanent residual effects of the injury. Under the circumstances, we cannot say that the jury award was so excessive as to require reversal. (Appeal from judgment of Supreme Court, Monroe County, Boehm, J. — false arrest, malicious prosecution.) Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.