■ LOIS BROWN, Appellant-Respondent, v BRUCE MOODIE, Respondent-Appellant. DONNA BROWN, Individually and as Mother and Natural Guardian of AMANDA BROWN, an Infant,

Appellant-Respondent, v BRUCE MOODIE, Respondent-Appellant.—Order unanimously reversed, on the law, and as a matter of discretion, without costs, and new trial granted. Memorandum: In this action for damages sustained by plaintiffs in attempting to escape from a fire in apartments owned by defendant, a reversal and new trial are made necessary by the court's in camera discussion with the forewoman of the jury (juror), without the presence or knowledge of counsel. After the jury had deliberated for a few hours, it directed a note of inquiry to the court. In response the Trial Judge invited the juror into chambers and held an extensive discussion which was transcribed by the court reporter. The juror indicated that the jury was confused and did not know how to answer the questions on the verdict sheet with respect to comparative negligence. At that point the jury had apparently concluded that defendant was not negligent but the juror indicated that, although they did not want to award damages to two of the plaintiffs, they felt one plaintiff was entitled to a monetary award. The court explained that, if they found that defendant was not negligent, plaintiffs would get nothing. The court then proceeded to go through the verdict sheet with the juror explaining principles of comparative negligence and apportionment of liability during the course of which he used as an example an apportionment of 70%/30%. After a discussion which lasted approximately 15 minutes, during which the juror was obviously confused about the principles to be applied, she returned to the jury room. Approximately one hour later the jury returned with a verdict apportioning 70% liability to plaintiffs and 30% to defendant. The court then informed the attorneys of his discussion with the juror in camera. After denying a request for a transcript of that conversation and after some discussion as to whether there were grounds for an exception, the court granted each attorney an exception.

Initially, we note that although plaintiffs' attorney did not formally record an objection, he could have reasonably believed that it was not necessary to do so in light of the fact that the court had given counsel an exception. In any event, a waiver analysis is inapplicable in this situation because, even if counsel had asserted an objection, the court could not have corrected the error. At any rate, this issue presents a question of such fundamental impropriety and unfairness that we may reach it in the interests of justice (cf. Tompkins v R. B. D. Land Exch., 89 AD2d 698, 699; DiGrazia v Castronova, 48 AD2d 249, 251; see generally, Siegel, Practice Commentaries,

McKinney's Cons Laws of NY, Book 7B, CPLR C5501:7, p 27; *but see, Chanatry v Williams*, 57 AD2d 730, 731).

It was clearly improper for the court to communicate with the juror in absence of the parties *(see, Silverman v New Rochelle Hosp.,* 98 AD2d 774; *Linke v Savage,* 39 AD2d 326, 327; *Gundersen v All Am. Commerce Corp.,* 275 App Div 572, 573-574). This case "illustrates the importance of having all instructions to the jury given in open court, where each party knows exactly what is being communicated to the jury and has an opportunity to note any objections, exceptions or further request, unless consent is given." *(Jones v Palay Textile Corp.,* 279 App Div 337, 339.) Although the court certainly did not intend to influence the verdict, by inquiring into the jury's inclinations, helping the juror to answer the questions on the verdict sheet and in actually doing the arithmetic, the court may have inadvertently placed its imprimatur on certain possible factual determinations before the jurors had reached a consensus. Indeed, the jury's apportionment of liability at 70%/30% may well have reflected the court's use of those figures as an example. Additionally, the juror obviously did not understand the principles of comparative negligence and we have no way of knowing what she relayed to the other jurors as an interpretation of the court's instructions. The prejudice to the parties is clear and necessitates a new trial. In view of our disposition, the other issues raised by the parties become academic. (Appeals from order of Supreme Court, Onondaga County, Donovan, J.—negligence.) Present—Callahan, J. P., Denman, O'Donnell, Pine and Schnepp, JJ.