■ ANITA MAIONE et al., Appellants, v FRANK PINDYCK et al., Respondents. [821 NYS2d 110]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Burke, J.), entered June 21, 2004, which, upon a jury verdict, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

During a 1993 hospitalization, the plaintiff Anita Maione underwent a partial leg amputation due to blood clots that developed as a result of Heparin-induced thrombocytopenia. She and her husband commenced this action against, among others, her internist, Anthony Antonucci, and a vascular surgeon, the defendant Frank Pindyck, alleging that their failure to timely diagnose the condition, consult a hematologist, and discontinue the administration of Heparin, constituted

departures from accepted medical practice, which caused her injuries.

Following jury selection but before testimony commenced, the plaintiffs discontinued the action as against Antonucci. The trial proceeded as to the defendants Pindyck and West Suffolk Surgical Group, P.C., and the jury found that Pindyck did not depart from the applicable standard of care in his treatment of Mrs. Maione.

General Obligations Law § 15-108 provides, in relevant part, that when a plaintiff settles an action with one defendant, the recovery against the remaining defendants shall be reduced by the amount of the settlement or by the settling tortfeasor's equitable share of the damages, whichever is greater. Where a plaintiff at trial establishes the non-settling defendant's liability, the burden shifts to that defendant to establish the equitable share attributable to the settling tortfeasor so as to reduce the portion of damages for which the non-settling defendant is responsible (*see Gerdik v Van Ess,* 5 AD3d 726 [2004]; *Zalinka v Owens-Corning Fiberglass Corp.,* 221 AD2d 830 [1995]; *Bigelow v Acands, Inc.,* 196 AD2d 436 [1993]). If the defendant fails to make a prima facie showing of the settling tortfeasor's negligence, the damages awarded may be reduced only by the amount of the settlement, but no more (*see Bonnot v Fishman,* 88 AD2d 650 [1982], *affd* 57 NY2d 870 [1982]).

Contrary to the plaintiff's contention, there was sufficient evidence for the question of Antonucci's liability to be submitted to the jury for the purpose of apportionment (*see Hill v St. Clare's Hosp.,* 67 NY2d 72, 82 [1986]). In any event, the jury did not reach the issue of apportionment, as it found no departure from the standard of care on the part of Pindyck. Therefore, any alleged error as to the verdict sheet questions concerning Antonucci was harmless (*see Morton v New York City Health & Hosps. Corp.,* 8 AD3d 122 [2004]; *Ciotti v New York Hosp.,* 221 AD2d 581 [1995]).

Additionally, while it was "clearly improper for the court to communicate with the juror[s] in the absence of the parties" (*Brown v Moodie,* 116 AD2d 980, 982 [1986]; *see Silverman v New Rochelle Hosp.,* 98 AD2d 774 [1983]; *Blaha v Lettmoden,* 83 AD2d 619, 621 [1981]; *Sands v Statler Hilton Hotel,* 40 AD2d 620 [1972]; *Fisher v Lober,* 11 AD2d 645 [1960]), such an improper communication in a civil case does not require a new trial "unless prejudice to either party's case resulted therefrom" (*Silverman v New Rochelle Hosp., supra* at 774; *see Snediker v County of Orange,* 58 NY2d 647, 649 [1982]; *Sands v Statler Hilton Hotel, supra; Linke v Savage,* 39 AD2d 326, 327

[1972]; *Johnson v Czumaj,* 29 AD2d 827 [1968]). Here, the trial court's ex parte and off-the-record communication with the jury regarding Antonucci's potential liability, although improper, did not result in prejudice to either party's case as the jury never reached the questions on the verdict sheet that concerned that subject.

Furthermore, the trial court's determination, made sua sponte and outside the presence of counsel, to repeat verbatim to the jury its initial charge regarding the conduct of deliberations before the beginning of the second full day of deliberations was also improper (*see e.g. Fisher v Lober, supra* at 645 ["(p)roper procedure requires that information and instructions to a jury should be given in open court in the presence of counsel"]). Nevertheless, shortly thereafter, and this time in the presence of counsel, the trial court gave the jury an *Allen*-type charge (*see Allen v United States,* 164 US 492 [1896]; PJI 3d 1:100 [2006]), and referenced the earlier instruction. After the jury returned to its deliberations, the plaintiffs made no objection to the *Allen*-type charge as given in the presence of counsel, or to the giving of the earlier instruction outside counsel's presence. Thus, the plaintiff's current challenge to those charges has not been preserved for appellate review. In any event, the trial court's repetition of its instruction regarding the conduct of deliberations constituted harmless error. Moreover, to the extent that the plaintiffs now argue that the final *Allen*-type charge was given in response to a jury note which was not fully disclosed to them, the plaintiffs failed to bring this alleged error to the trial court's attention after learning of the note, and failed to make any record with regard to that issue (*see Venancio v Clifton Wholesale Florist,* 1 AD3d 505 [2003]). Adams, J.P., Mastro, Fisher and Covello, JJ., concur.