■ Deborah DiStefano Garritano, Respondent, v Ralph Garritano, Appellant. [878 NYS2d 402]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Blydenburgh, J.), entered November 20, 2006, which, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $363,000.

Ordered that the judgment is affirmed, with costs.

Approximately one week before the trial was scheduled to begin on March 6, 2006, the attorney for the defendant moved for leave to withdraw as his attorney. The Supreme Court stayed the action pending resolution of the motion and, in an order dated July 13, 2006, granted the motion and scheduled trial to begin on August 22, 2006. The defendant and his prior attorney were in communication regarding the case throughout the time the action was stayed as well as after the court granted the motion. Thus, the defendant was aware of the motion of his attorney to be relieved for more than four months while the matter was stayed, and additionally had ample notice of the commencement of trial following the withdrawal of counsel.

The defendant, pro se, appeared for and participated in jury selection on August 22, 2006. Two days later, on August 24, 2006, which was scheduled as the first day of trial, the defendant's prior attorney appeared in court and made an application to take the defendant's case "back," stating that the defendant would concede liability if the court agreed to adjourn the trial from that day, a Thursday, until the afternoon of the following Tuesday, August 29, 2006, to accommodate the attorney's planned vacation day for the next day, Friday, and a conference he was scheduled to attend before a different judge that Tuesday morning. The plaintiff had scheduled expert wit-

nesses to testify that afternoon and Monday morning in expectation of commencing trial.

Under the circumstances of this case, the court did not improvidently exercise its discretion in denying the application of the defendant's prior attorney (see *Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *Cabral v Cabral*, 35 AD3d 779, 779 [2006]; *SKR Design Group, Inc. v Avidon*, 32 AD3d 697, 699 [2006]; *Matter of Mera v Tax Appeals Trib. of State of N.Y.*, 204 AD2d 818, 820 [1994]), and the defendant was not deprived of the representation of counsel thereby (see *Matter of Baywood Elec. Corp. v New York State Dept. of Labor*, 232 AD2d 553, 554 [1996]).

Moreover, despite the defendant's claims to the contrary, the Supreme Court did not err in admitting into evidence the medical testimony and records of the plaintiff's experts, since they relied upon the subject records in the plaintiff's diagnosis and treatment (see *Murray v Weisenfeld*, 37 AD3d 432, 433-434 [2007]; *Bruce-Bishop v Jafar*, 302 AD2d 345 [2003]; *Cohn v Haddad*, 244 AD2d 519, 519-520 [1997]; *Freeman v Kirkland*, 184 AD2d 331 [1992]). Nor did the Supreme Court err in allowing the plaintiff to refer, during her trial testimony, to the circumstances and specifics of the instant assault (see *Kinkela v Incorporated Vil. of Mineola*, 306 AD2d 382, 383 [2003], quoting *Moran v International Playtex*, 103 AD2d 375, 376 [1984] ["(w)hen punitive damages are sought, all circumstances immediately connected with the transaction tending to exhibit or explain a defendant's motivation for the conduct in question are admissible in evidence"]; *Levine v Abergel*, 127 AD2d 822, 824-825 [1987], quoting *Voltz v Blackmar*, 64 NY 440, 445 [1876] ["(w)here exemplary or punitive damages are claimed, all the circumstances immediately connected with the transaction, tending to exhibit or explain the motive of the defendant, are admissible in evidence"]).

Finally, the Supreme Court did not err when it gave further requested instructions to the deliberating jury in the defendant's absence. "The proper practice, and it is wise and salutary, is that further instructions requested by a jury after it has retired should be given by the justice presiding to the jury in open court when counsel for both sides are present or have been afforded the opportunity of being present, unless counsel on both sides consent to written instructions or to the requested reading of the record or parts thereof by the stenographer in the jury room" (*Blaha v Lettmoden*, 83 AD2d 619, 621 [1981], quoting *Gundersen v All Am. Commerce Corp.*, 275 App Div 572, 573 [1949]). That way, "each party knows exactly what is being

communicated to the jury and has an opportunity to note any objections, exceptions or further request, unless consent is given" (*Brown v Moodie,* 116 AD2d 980, 982 [1986], quoting *Jones v S. T. Palay Textile Corp.,* 279 App Div 337, 339 [1952]). Nonetheless, "such an improper communication in a civil case does not require a new trial 'unless prejudice to either party's case resulted therefrom' " (*Maione v Pindyck,* 32 AD3d 827, 828 [2006], quoting *Silverman v New Rochelle Hosp.,* 98 AD2d 774 [1983]).

Here, the court waited until the time the late-arriving defendant had represented he would arrive before communicating to the jury in the defendant's absence. Additionally, the court had advised the defendant that, "if he wasn't here by 11:15, I was going to go out and address the jury." Thus, the defendant was "afforded the opportunity of being present" (*Blaha v Lettmoden,* 83 AD2d at 621). Moreover, the court detailed to the defendant precisely what had transpired in his absence when he finally arrived at court that day, and thus provided him with an opportunity to voice "any objections, exceptions or further request" (*Brown v Moodie,* 116 AD2d at 982 [internal quotation marks omitted]). Accordingly, since the defendant was not prejudiced, he is not entitled to a new trial (*see Maione v Pindyck,* 32 AD3d at 828). Mastro, J.P., Skelos, Santucci and Hall, JJ., concur.