of Highways to carry out the terms of a previous final order for the rebuilding of a bridge, and denying a cross motion to modify the final order.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

LINDA A. SCHWARTZ, by OTTO SCHWARTZ, Her Guardian ad Litem, Appellant, v. GEORGE PETFIELD, Respondent.— Judgment reversed on the facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The evidence discloses that defendant in backing his truck first to the east and then to the south through a driveway where the infant plaintiff was standing, failed to exercise care commensurate with the circumstances. Although the defendant was well aware that this child, seventeen months old, and other children, all invitees upon his premises, at times played in or near the area of the trailers and the driveway, his own testimony indicates that he failed to look in the direction of the child either before or after entering his truck and starting it in backward motion. In that situation he was under even a greater duty to protect the infant plaintiff from danger than would be required in the case of an adult. Defendant testified to the effect that he looked only through the rear window of the cab, which would permit him a view to the rear and east, but not to the course the truck was to follow as it turned sharply to the south where the child was struck and injured. A glance to the south in the direction of the driveway would have revealed the presence of the child. We regard 'the no cause verdict as being against the weight of the evidence. All concur, except Vaughan and Piper, JJ., who dissent and vote for affirmance on the ground that there was a question of fact for the jury and the verdict is not against the weight of evidence. (Appeal from a judgment for defendant for no cause of action in an automobile negligence action.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

OTTO SCHWARTZ, Appellant, v. GEORGE PETFIELD, Respondent.— Same decision and like cause of action as in companion case of *Schwartz* v. *Petfield* (*ante*, p. 845), decided herewith. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

ONONDAGA HOLDING CORPORATION, Respondent, v. STAR VACUUM STORES SYRACUSE CORPORATION, Appellant.— Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order of Onondaga County Court, affirming a judgment of Syracuse Municipal Court, in favor of plaintiff in an action to recover alleged unpaid rental.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See *post,* p. 998.]

WILLIAM H. KEARNEY, Appellant-Respondent, v. J. P. BYRNE & Co., INC., Respondent-Appellant.— Judgment and order reversed on the law and facts and a new trial granted, with costs to abide the event, unless the defendant shall, within ten days, stipulate to reduce the verdict to the sum of $2,188.09, as of the date of the rendition thereof, in which event the judgment is modified accordingly and, as so modified is, together with the order, affirmed, without costs of this appeal to either party. Memorandum: The trial court submitted to the jury the question of whether a bonus contract existed between the plaintiff and the defendant. The jury found that such a contract existed. The