LOWELL HERBST, an Infant, by BIRDIE HERBST, as Guardian ad Litem, et al., Appellants, v. ROSE M. BALOGH, Respondent.

First Department, April 21, 1959.

*Emanuel Butter* of counsel (*Butter, Silverman & Biller,* attorneys), for appellants.

*Robert A. Dwyer* of counsel (*William H. Morris* with him on the brief; *James B. McLaughlin,* attorney), for respondent.

McNALLY, J.  In an action for personal injuries, plaintiffs, on an abbreviated record, appeal from a judgment dismissing the complaint entered on a jury verdict in favor of defendant.

The infant plaintiff, four and one-half years of age, on April 19, 1952, at or about 6:30 P.M., while crossing East 4th Street from the south to the north side thereof, between the intersection of First and Second Avenues in the Borough of Manhattan, was struck by defendant's motor vehicle and sustained the injuries complained of.  Two older boys with whom the infant plaintiff was playing crossed the street in front of defendant's vehicle.  The infant plaintiff was struck as he was following the two older boys.

On behalf of the defendant, proof was offered that as she was driving east on 4th Street she saw two boys run across the street from south to north; that she applied her brakes and slowed down the speed of her vehicle and the two boys passed in front of her safely; that she then heard a bump and

stopped the car; that she did not see the infant plaintiff and that the infant plaintiff was not in sight and came from nowhere and ran into the defendant's vehicle. The learned trial court in its charge presented the issues substantially as summarized above.

The evidence enabled the jury to find that defendant's view was unobstructed, that she saw the two boys who preceded the infant plaintiff, and that she did not blow her horn. Under the circumstances, and apart from any traffic regulation, defendant, as a reasonably prudent person, should have operated her automobile with greater caution than would have been required had no one or only adults been in the vicinity of her automobile. (*Stein* v. *Palisi,* 308 N. Y. 293, 297; *Hammer* v. *Bloomingdale Bros.,* 215 App. Div. 308; *Day* v. *Johnson,* 265 App. Div. 383; *Schwartz* v. *Petfield,* 283 App. Div. 845.)

After the court's main charge, which included a general charge of negligence, plaintiffs requested the court to charge section 50 of the Traffic Regulations of the Department of Traffic of the City of New York effective December 30, 1947 (now § 151 of the Traffic Regulations, eff. July 1, 1958) contained in article 3 thereof, entitled " Safety ", providing as follows:

" Section 50. Horn for danger only.

" A driver shall sound the horn of his vehicle only when necessary to warn a person or animal of danger. "

Under the circumstances of this case, the court should have charged the effect of section 50. When, as here, the facts and circumstances define a situation pregnant with danger, the obligation to sound a horn is one which the jury can properly consider. In respect to plaintiffs' request, the court charged: " If it was the proximate cause of the accident, failure to sound a horn or do anything, if it is the proximate cause of the accident, if the failure to do that caused the accident, naturally that would be negligence."

At this point the attorney for the defendant took an exception. Thereafter the court made other statements to the jury as part of the charge which devitalized the effect of the instruction. " The Court: He invokes a doctrine that the violation of a law or a statute may be considered negligence by the jury, but that is provided that the violation of that regulation, or that law, or that rule, whatever it may be, was the proximate cause of the thing that produced the accident. That's what I meant when I said I so charge, but that regulation he was reading was intended as against those who unnecessarily blow their horn, that's when they are fined $5 for making unnecessary noise, not the person who fails to blow the horn, not the other way round."

The manner of submission to the jury of the instruction to which plaintiff was entitled was contradictory and tended to confuse. The charge as given may have conveyed to the jury that the need for blowing a horn under the circumstances of this case was not a regulatory obligation. It may well be that the jury received the impression that defendant would have subjected herself to a violation of and fine under the antinoise ordinance by sounding her horn.

The learned court undoubtedly had in mind section 435–5.0 of the Administrative Code of the City of New York. Under subdivision b thereof unnecessary noises are prohibited; under. subdivision c thereof a $5 fine is meted out for the first offense and greater fines for additional offenses. Reference to the so-called antinoise ordinance may well have misled the jury and vitiated the initial instruction.

The substantive as well as the punitive provisions of section 435–5.0 of the Administrative Code have nothing to do with section 50 of the Traffic Regulations, which pertains solely to safety. Where the safety of the public is involved, the so-called antinoise ordinance is inapplicable.

On this record defendant's obligation to sound the horn under the Traffic Regulations and her common-law obligation were coextensive. (*Hammer* v. *Bloomingdale Bros.*, 215 App. Div. 308, *supra*; *Day* v. *Johnson*, 265 App. Div. 383, *supra*; *Schwartz* v. *Petfield*, 283 App. Div. 845, *supra*.)

A proper charge in the circumstances would be that a violation of the Traffic Regulations is some evidence of negligence. (*Holder* v. *Abramson*, 271 App. Div. 649; *Trudell* v. *New York R. T. Corp.*, 281 N. Y. 82, 86.) When the charge is not clear and fails adequately to convey to the jury plaintiff's claim, a new trial is required in the interests of justice. (*Fox* v. *Hindus*, 268 App. Div. 916; *Graziano* v. *McGrath Contr. Co.*, 212 App. Div. 823; *Counihan* v. *Werbelovsky's Sons*, 5 A D 2d 80.)

The judgment should be reversed, on the law and on the facts, and in the interests of justice a new trial directed, with costs to abide the event.

In view of the foregoing disposition, the appeal from the order denying reargument should be dismissed as academic.

BREITEL, J. P., RABIN, STEVENS and BERGAN, JJ., concur.

Judgment unanimously reversed, on the law and on the facts, and in the interests of justice a new trial directed, with costs to abide the event. The appeal from the order of September 26, 1957 is dismissed as academic.