■ JANE A. K. MEYER et al., Appellants, v. BROWN-HARTER CADILLAC, INC., et al., Respondents.— Appeal by plaintiffs from a judgment of the Supreme Court, Nassau County, entered December 20, 1966 in favor of defendants, upon a jury verdict. Judgment reversed as to plaintiff Jane A. Kranzler Meyer's cause of action for personal injuries and plaintiff Harold Kranzler's cause of action to recover for medical expenses, etc., as to said plaintiff Jane Meyer, on the law, without costs, and new trial granted as to those causes of action. The findings of fact below on those causes of action are not affirmed. Judgment affirmed as to plaintiff Etta Kranzler's cause of action for personal injuries and plaintiff Harold Kranzler's cause of action to recover for medical expenses, etc., as to said plaintiff Etta Kranzler, without costs. The action is severed accordingly. This action stems from a two-car collision at the point where a shopping center exit meets a public highway. One of the cars was owned and driven by plaintiff Etta Kranzler; seated beside her was her 15-year-old daughter, plaintiff Jane Kranzler (now Jane Meyer). The other car was driven by defendant Brown. The accident occurred when the Kranzler car, coming out of the shopping center, was struck by the Brown car, which was proceeding south on the public highway. Plaintiff Jane Meyer testified that her mother wished to turn left on the highway to go north; that traffic was heavy and there were parked cars to her left; that the light at the corner north of them turned red, southbound traffic stopped, and her mother drove into the southbound lane; that before her mother could make the turn, they heard a horn and were struck by defendants' car; and that they had been at a standstill in the southbound lane for several minutes before the collision. On cross-examination she conceded that on a pretrial examination she had testified that she did not see defendants' car before the impact and did not remember where she was looking. There was no other proof as to Jane Meyer's conduct at the time of the accident. The trial court charged that any negligence of the driver (Etta Kranzler) could not be attributed to the passenger (Jane Meyer), but that the passenger had the duty to conduct herself as a reasonably prudent person of the same age would have conducted herself, and that " if she was guilty of negligence as a passenger, then her case is also defeated." The court denied plaintiffs' request to charge that there was " no evidence in this case upon which a finding could be made that Jane Kranzler Meyer was contributorily negligent." The jury, by 10 to 2, then found for defendants against all plaintiffs. In our opinion it was error to refuse the above-mentioned request to charge and to submit to the jury the question of Jane Meyer's contributory negligence, since there are no facts in the record that could justify a finding of contributory negligence on her part. She was only 15 years old and could not reasonably be expected to tell her mother how to drive the car. She did not own the car, had no control over its operation, was not in the car to act as a lookout or guide for her mother, and had a right to assume that her mother would drive carefully. Since we cannot tell from the jury's general verdict whether it was based on a finding that

defendant Brown was not negligent, or on a finding that plaintiff Jane Meyer was contributorily negligent, a new trial is required as to her because of the error in submitting the question of her contributory negligence to the jury. As she is entitled to a new trial, her father (plaintiff Harold Kranzler) is also entitled to a new trial on his cause of action for her loss of services and for her medical expenses. With respect to plaintiff Etta Kranzler, there is support in the record for the jury's finding against her and no error which requires reversal. Hence, a new trial is not justified as to her or as to Harold Kranzler's cause of action for loss of her services and for her medical expenses. Rabin, Acting P. J., Benjamin, Munder and Martuscello, JJ., concur; Kleinfeld, J., concurs in part and dissents in part, voting to affirm the judgment in its entirety.