■ JOSEPHINE HARGRAVES, Appellant, v AGWAY PETROLEUM CORPORA-TION, Respondent.—Judgment unanimously reversed, on the law and facts, and new trial granted, with costs to abide the event. Memorandum: Plaintiff appeals from a jury verdict of no cause for action and a dismissal of her complaint in which she seeks damages for the destruction of her home by fire which she claims resulted from defendant-respondent Agway Petroleum Corporation's (Agway) negligence. She urges that the trial court committed reversible error in submitting the issue of contributory negligence to the jury and in denying her motion for a directed verdict. Defendant Agway exclusively serviced plaintiff's oil furnace since its installation and made approximately seven service calls from 1967 to 1971. On February 28, 1971 Agway, as part of its regular service, delivered oil to plaintiff. The next day the furnace stopped and plaintiff called Agway for service. Two days later after several telephone calls the Agway service man came to plaintiff's premises to repair the furnace. He diagnosed the trouble as a plugged nozzle and installed a new one. The furnace then started and after a 20 minute stay the service man informed plaintiff that the unit was working well. Plaintiff told the service man that she smelled a strong odor of oil and he responded that "you will get that for a while * * * because we just started the furnace", that this was a normal condition after starting a furnace. About three o'clock the next morning plaintiff's family smelled smoke, and shortly thereafter an explosion occurred and the home was completely destroyed by fire. The trial court denied plaintiff's motion for a directed verdict at the close of all the evidence and submitted the case to the jury. In its charge the court made nine references to contributory negligence and directed the jury to "measure the conduct activity of the plaintiff". After stressing plaintiff's obligation in this respect, the Trial Justice referred to his own confusion and the jury's confusion over the issue. There is a total lack of any evidence to support a finding of contributory negligence. There is some vague testimony by defendant's service man based upon surmise that plaintiff's husband on some occasion prior to 1969 tinkered with the furnace. The husband has been separated from plaintiff since 1969. Any inference to be drawn from the husband's actions is so speculative and remote in time as to be no evidence of contributory negligence. The undisputed evidence is that no one in plaintiff's household ever touched the furnace, that plaintiff relied solely on Agway, from the date of installation, to repair and service it. Where the evidence suggests no evidence of contributory negligence, it is reversible error to submit such issue to the jury (Willis v YMCA of Amsterdam, 28 NY2d 375, 378; Jerry v Borden, 45 AD2d 344, 350; Meyer v Brown-Harter Cadillac Inc., 32 AD2d 1045, 1046; 65A C.J.S., Negligence, § 293, p 1032). Plaintiff's counsel "strongly" excepted to the contributory negligence charge and requested the court to charge the jury that "there was no evidence" of plaintiff's negligence. This request was denied. It was error for the court to have submitted this issue to the jury and to have denied the request. We do not agree with plaintiff that the court erred in denying her motion for a directed verdict. Although the facts seem preponderate in her favor, there are some questions of fact which preclude granting plaintiff judgment as a matter of law (Blum v Fresh Grown Preserve Corp., 292 NY 241; Marton v McCaseland, 16 AD2d 781, 782). At the new trial if there is no more proof of plaintiff's alleged negligence than is found in the record before us, the question of contributory negligence should not be submitted to the jury and the only issue for their resolution should be defendant's liability. (Appeal from judgment of

Genesee Trial Term in negligence action.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Del Vecchio, JJ.