■ GREAT SOUTHWEST FIRE INSURANCE COMPANY, as Subrogee of Estel Jewelry Co., Inc., Appellant, v LONG ISLAND OIL PRODUCTS CO., INC., Respondent.—Judgment, Supreme Court, New York County, entered May 21, 1976, in favor of the defendant, dismissing the complaint after a jury trial, unanimously reversed, on the law, the judgment vacated, and the matter remanded for a new trial, with $60 costs and disbursements of this appeal to abide the event. Estel Jewelry Co., Inc., was in the business of selling costume jewelry and general novelty merchandise at 863 Broadway in New York City. The building which Estel occupied was a four-story commercial building heated by an oil burner. The oil burner was serviced by Long Island Oil Products. On October 21, 1974, the owner of Estel, Harry Weingarten, after attempting to turn on the oil burner, called Long Island to send a repairman. The repairman came, made adjustments, and left. Approximately 15 minutes after the repairman left, a fire started, resulting in damages to Estel. Estel sued Great Southwest Fire Insurance Company which had issued Estel a fire-insurance policy. Great Southwest had declined to pay claiming that the policy had been canceled prior to the fire. Great Southwest nonetheless sued Long Island as a third-party defendant. During the trial of the main action between Estel and Great Southwest, a settlement was effectuated and Great Southwest was subrogated to the rights of Estel. The third-party action was severed and the trial continued to determine those third-party claims. The testimony at trial centered around the repairman's activities and the relationship of those activities to the ensuing fire. Plaintiff also called a Mr. Von Ludwig, who was an expert on fire and explosion evaluation, including heating systems which caused uncontrolled

fires. Von Ludwig concededly did not view the scene of the Estel accident, but gave his opinion in response to a hypothetical question posed to him. The question was based on facts introduced into evidence. We conclude that the testimony at trial was sufficient to make out a prima facie case. However, we note that the erroneous instructions to the jury warrant reversal and remand for a new trial. The court in the course of instructing the jury discussed the concept of contributory negligence and stated: "If you find, of course that Estel Jewelry was negligent, in other words, one of their employees may have started the fire with a cigarette or something like that; if you find—I don't know what you're going to find—then, of course there is no responsibility on the part of the fuel oil company". In view of the fact that there was not one shred of evidence that Estel and its employees were contributorily negligent, it was improper for the court to instruct the jury in that regard and to permit them to speculate about facts not in evidence (*Willis v Young Men's Christian Assn. of Amsterdam,* 28 NY2d 375, 377-378; *Jerry v Borden Co.,* 45 AD2d 344, 350). While the plaintiff only excepted to that portion of the jury's charge inferring that the fire may have been caused by a cigarette and did not object to the general charge on contributory negligence, nonetheless we think that the error in the charge was so fundamental that the verdict should not be allowed to stand and a new trial is warranted (*Winser v Trombley,* 14 AD2d 963; cf. *Jemison v Goodman,* 49 AD2d 1011, 1012). We have accordingly remanded for a new trial. Concur—Murphy, P. J., Birns, Evans and Lane, JJ.