### (June 20, 1978)

BLANCA RODRIGUEZ, Appellant, v LINDA CATO et al., Respondents.— Judgment, Supreme Court, New York County, entered February 17, 1976, granting judgment in favor of the defendant is reversed, on the law and the facts and in the exercise of discretion, vacated, and is remanded for a new trial, with $60 costs and disbursements of this appeal to abide the event. In this action for damages for personal injuries, it seems that defendant Gruskin was driving a motor vehicle in the scope of his employment, such vehicle being owned by defendant Cato, when the accident occurred. It appears that plaintiff, upon hearing the bells of an ice cream truck at about 4:30 P.M. on August 23, 1974, determined to get some ice cream. She left her brother's apartment where she had been visiting and proceeded along West 135th Street in Manhattan. The ice cream truck was double parked across the street and near the corner. West 135th Street is a two-way street with a parking lane on each side and two traffic lanes on each side. She crossed the street near the crosswalk but not within it, keeping a watch for oncoming traffic. As she was two steps past the middle of the street she saw and heard a car approaching; though no horn was sounded she tried unsuccessfully to run out of the car's path but was struck and injured by defendant Gruskin. As in most negligence cases of this sort, the question of plaintiff's contribu-

tory negligence is of signal importance in determining the results of the case. Plaintiff contends that the court, in charging the jury, erroneously charged her with negligence as matter of law. Such a charge of negligence would then preclude any consideration of defendant's negligence or plaintiff's contributory negligence. Essential to a charge regarding the effect of violation of a traffic ordinance on the question of contributory negligence is that the violation may, but need not, be considered as some evidence of negligence if the failure to comply therewith is the proximate cause of the accident (Herbst v Balogh, 7 AD2d 530, 533). In Piarulli v Lason (35 AD2d 605) the court held "error was committed when the Trial Justice charged the jury that a violation of the Traffic Regulations of the City of New York constituted negligence as a matter of law. Such a violation, as distinguished from a violation of a statute, such as the Vehicle and Traffic Law, is but some evidence of negligence, if the failure to comply therewith is the proximate cause of the accident." In the instant case the court charged as to violation of subdivision (a) of section 42 of the Traffic Regulations of the City of New York, and specifying that "If you find that plaintiff failed to yield the right of way as required by statute, you will find that she was negligent". The court was referring to the duty imposed by ordinance and not by statute, there being different standards applicable to each. Plaintiff failed to object to the erroneous charge and the CPLR is clear that no error may be assigned when it is not objected to. This requirement of an objection to the charge may be reviewed if failure to do so would be patently unjust. "CPLR section 4110-b does not restrict the power of an appellate court, under section 4017, to consider, in its discretion and good cause shown, untimely objections relating to the charge. Continued therefore is the former practice of reversing trial court judgments in 'the interests of justice' when the charge was guilty of 'fundamental error' even when a proper objection had not been made." (4 Weinstein-Korn-Miller, NY Civ Prac, par 4017.09, p 40-87.) It is concluded that whether plaintiff's actions were some evidence of negligence or negligence as matter of law is fundamental, and an erroneous charge going to this question constitutes fundamental error. Concur—Birns, Evans and Fein, JJ.; Murphy, P. J., and Silverman, J., dissent in a memorandum by Silverman, J., as follows: We would affirm the judgment appealed from. While it was probably technically erroneous for the Judge to charge that violation of subdivision (a) of section 42 of the New York City Traffic Regulations was negligence rather than just some evidence of negligence, no objection was made to that charge. CPLR 5501 (subd [a]) provides: "An appeal from a final judgment brings up for review * * * any charge to the jury, or failure or refusal to charge as requested by the appellant, to which he objected." Again CPLR 4110-b provides: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict stating the matter to which he objects and the grounds of his objection." Notwithstanding this statute, the court still has power to reverse for "fundamental error" even though not objected to. (Great South West Ins. Co. v Long Is. Oil Prods., 60 AD2d 803; Di Grazia v Castronova, 48 AD2d 249, 252; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4017.09.) We do not think that the case at bar presents a case of fundamental error. To begin with, it seems highly likely that if objection had been made, the court would have corrected the charge to say that the violation was only some evidence of negligence. Further it is at best doubtful whether the charge as given had a different effect on the jury than would a charge that a violation was some evidence of negligence. The very fact that there was no objection by trained lawyers would seem to

indicate that the distinction would not loom large to lay jurors especially if, as happened here, the court did not mention the distinction. Further, the particular traffic regulation relates to yielding right of way, a matter of degree which as the trial court said requires a pedestrian crossing outside a crosswalk to yield the right of way to a motor vehicle: "if the situation is such, taking into account the respective positions of the parties and the speed at which each is traveling, that if each persist in his course the pedestrian will be struck by the automobile." This is little more than a charge that the plaintiff should use reasonable care. For it merely says that it is negligence for a pedestrian crossing the street in the middle of the block not to yield the right of way to an oncoming car, i.e., to continue in the path of the oncoming car when considering the respective positions and speed of the pedestrian and the car, it appears that if each continues the pedestrian will be hit by the car. Again we note that this particular traffic regulation is word for word the same as subdivision (a) of section 1152 of the Vehicle and Traffic Law; thus, if the accident had happened in Westchester rather than New York City, the charge would have been exactly correct. In all the circumstances, we do not consider that the error constituted such fundamental error as to require reversal in the absence of objection, and in the face of a statute that forbids assigning as error an unobjected to charge.