■ GARY FERREIRA et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant New York City Transit Authority appeals from (1) an interlocutory judgment of the Supreme Court, Richmond County, dated April 14, 1980, which is in favor of plaintiffs and against it following a jury trial limited to the issue of liability only, and (2) an order of the same court, dated January 30, 1980, which denied its motion to set aside the verdict and for a new trial. Interlocutory judgment and order reversed, on the law and in the interest of justice,

and motion for a new trial granted, with costs to abide the event. The infant plaintiff was injured when, after disembarking from a New York City Transit Authority bus and on crossing in front of said bus, he was struck by a van which was traveling in the lane to the left of the driver's side of the bus. The bus, according to the injured plaintiff, had not pulled to the curb at the bus stop, but rather had stopped in a traffic lane, alongside a row of parked cars. The case against the Transit Authority (the van driver, Siciliano, settled with plaintiffs prior to trial) was submitted to the jury on the theory that a violation of section 1202 (subd [a], par 1, cl a) of the Vehicle and Traffic Law would constitute negligence per se. Thus, the court charged, *inter alia,* that "if you decide as a matter of fact that the bus stopped in the traveling lane, then I tell you as a matter of law the bus company is negligent, because he will have violated a statute of the State of New York, and that statute is Vehicle and Traffic Law, section 1202." A special verdict was returned, the jury answering "yes" to the question "was the bus driver negligent"? The trial court erred in submitting the aforesaid statute to the jury. Section 81 (subd [c], par 2) of the New York City Traffic Regulations, rather than section 1202 of the Vehicle and Traffic Law, is the applicable statute in New York City (see Vehicle and Traffic Law, § 1642; New York City Traffic Regulations, § 190). Section 81 (subd [c], par 2) differs from section 1202 in one critical respect. Section 1202 of the Vehicle and Traffic Law prohibits *stopping, standing or parking* along the roadway side of another vehicle. Section 81 (subd [c], par 2), on the other hand, merely prohibits *parking* and *standing* under the same circumstances. Section 80 (subd [b]) of the city regulations states further that where "standing" is prohibited, a "person * * * may stop temporarily for the purpose of and while actually engaged in receiving or discharging passengers". A temporary stop to receive and discharge passengers is therefore not in violation of the governing traffic regulations in New York City. Accordingly, since it was probable that the jury found liability based on an incorrect statute, the interlocutory judgment must be reversed and a new trial granted. (See *Rodriguez* v *Cato,* 63 AD2d 922.) We note that the trial court itself recognized this error in the charge upon the Transit Authority's posttrial motion to set aside the verdict. Nevertheless, it denied the motion in the absence of a timely objection thereto. Since we find the error at bar to be "fundamental" and the resultant injustice "egregious", the absence of a timely objection to the charge does not preclude us from considering the error in the general exercise of our power to reverse and grant a new trial in the interest of justice. (See *Caceres* v *New York City Health & Hosps. Corp.,* 74 AD2d 619, 620.) Mollen, P. J., Titone, Margett and Weinstein, JJ., concur.