■ VINCENTELLA CONTI, Respondent, v LUANNE R. MAHONEY, Respondent, and ALLSTATE VEHICLES, INC., et al., Appellants. (Action No. 1.) LUANNE R. MAHONEY, Respondent, v ALLSTATE VEHICLES, INC., et al., Appellants. (Action No. 2.)—In two consolidated actions to recover damages for personal injuries, Allstate Vehicles, Inc., and Barbara S. Crowder appeal from an interlocutory judgment of the Supreme Court, Westchester County (Dachenhausen, J.), entered March 5, 1987, which, upon a jury verdict on the issue of liability only, found them to be 100% liable for the accident.

Ordered that the interlocutory judgment is affirmed, with one bill of costs.

During the trial on the issue of liability concerning a two-car collision, Luanne Mahoney, a driver of one of the vehicles, and her passenger, Vincentella Conti, testified that they were hit in the rear by a vehicle driven by Barbara Crowder and

leased from the defendant Allstate Vehicles, Inc. Conti also sued her host Luanne Mahoney.

Crowder testified that the accident was caused when *she* was hit in the rear by Mahoney. Both vehicles wound up overturned on the side of the highway, so badly damaged that it was not possible to tell from their condition how the accident happened.

At the conclusion of all the evidence relating to liability, the court charged the jury, *inter alia,* that the conflicting versions were irreconcilable as a matter of law, and that there was no reasonable view of the evidence that would support the conclusion that both drivers had contributed to the happening of the accident. The jury was therefore instructed to determine which of the two versions it accepted, in essence, consigning 100% of the fault to the party with the story it rejected. The jury returned with a unanimous verdict against the appellants. The appellants argue that the court's charge impermissibly interfered with the jury's fact-finding function, particularly on the issue of comparative fault. Alternatively, assuming the propriety of the court's charge, the appellants allege that the verdict was against the weight of the credible evidence.

The appellants' contentions are without merit. In the case at bar each driver claimed that the accident was caused by the other driver's striking her vehicle in the rear. No evidence was adduced to indicate that any other action or failure to act precipitated the accident. Since no inference of comparative fault could arise from the evidence presented, and there is no evidence to support an inference of contributory fault, the issue was properly not submitted to the jury *(see, Hargraves v Agway Petroleum Corp.,* 48 AD2d 763). To have instructed the jury differently would have improperly encouraged the jurors to speculate about facts not in evidence *(see, Great S. W. Fire Ins. Co. v Long Is. Oil Prods. Co.,* 60 AD2d 803).

The jury was confronted with questions of credibility which were resolved in favor of the respondents. Great deference must be given to the jury's findings in this regard. Since its interpretation of the evidence is fair and supports the verdict, we cannot say that the verdict is against the weight of the evidence *(see, Nicastro v Park,* 113 AD2d 129). Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.