SANDRA AGUGLIA et al., Respondents-Appellants, v HILLS DEPARTMENT STORES, INC., Appellant-Respondent.—Judgment unanimously affirmed without costs. Memorandum: The trial court did not abuse its discretion in permitting plaintiffs' expert to render an opinion on the question of whether defendant's security personnel had "reasonable cause" to detain plaintiff, Sandra Aguglia, for suspected shoplifting *(see, Selkowitz v County of Nassau,* 45 NY2d 97; *Dier v City of New York,* 79 AD2d 596).

We reject defendant's contention that plaintiffs failed to establish, as a matter of law, a causal connection between the incident and the aggravation of Sandra Aguglia's preexisting "dry eye" condition. Plaintiffs' expert testified that the incident was a proximate cause of the exacerbation of that plaintiff's eye injury. Although defendant's expert testified that there was no such causal connection, the issue was properly submitted to the jury for resolution. The weight to be accorded the conflicting testimony of experts is a matter particularly within the province of the jury *(see, Guzman v Saks Fifth Ave. Corp.,* 141 AD2d 801).

The trial court properly refused to submit the issue of Sandra Aguglia's alleged contributory negligence to the jury because the record contains no evidence "to support an inference of contributory fault" *(Conti v Mahoney,* 137 AD2d 481, 482; *see, Hargraves v Agway Petroleum Corp.,* 48 AD2d 763). Further, the trial court did not err in refusing to permit plaintiffs to amend the complaint to include a claim for punitive damages on the eve of trial or in denying plaintiffs' motion to amend the complaint to conform to the proof, at the close of the evidence, to assert a claim for punitive damages.

We find that the jury verdict was not excessive since it did not "deviate * * * materially from what would be reasonable compensation" (CPLR 5501 [c]).

We have considered defendant's remaining argument and find it to be without merit. (Appeals from judgment of Supreme Court, Erie County, Forma, J.—false arrest.) Present—Dillon, P. J., Doerr, Pine, Lawton and Davis, JJ.